# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACCENTURE GLOBAL SERVICES GmbH, a Switzerland Corporation, and ACCENTURE LLP, an Illinois Partnership, <br><br> Plaintiff, <br><br> v. <br><br> GUIDEWIRE SOFTWARE, INC., a Delaware Corporation, <br><br> Defendant. | C.A. No. _____ <br><br> **DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs ACCENTURE GLOBAL SERVICES GmbH, a Switzerland Corporation, and ACCENTURE LLP, an Illinois Limited Liability Partnership (collectively referred to herein as "Accenture"), by and through their attorneys, state as follows:

### JURISDICTION

1. The claims in this patent infringement action arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including but not limited to 35 U.S.C. § 271.

2. This Court has subject-matter jurisdiction over this controversy under 28 U.S.C. §§ 1331 and 1338(a).

3. This complaint relates to C.A. No. 07-826 (SLR), involving Accenture's complaint against Defendant Guidewire Software, Inc. ("Guidewire") for infringement of Accenture's U.S. Patent Nos. 7,013,284 (the "'284 patent") and U.S. Patent 7,017,111 (the "'111 patent"), misappropriation of Accenture's Trade Secrets, and tortious interference with Accenture's business relations. This complaint alleges infringement of Accenture's U.S. Patent No. 7,617,240 (the "'240 patent"), which relates to the same technology as the '284 and '111 patents. Each of these three patents relate to Accenture's claims handling technology. The '240

patent was filed on the same day as the '284 patent, shares much of the same specification as the '284 patent, and involves two of the same inventors.

## PARTIES

4. Accenture Global Services GmbH, is a Switzerland Corporation and the owner of the intellectual property rights at issue in this action.

5. Accenture LLP is a limited liability partnership organized and existing under the laws of the State of Illinois and with a principal place of business in Chicago, Illinois. Accenture LLP is the owner and exclusive licensee of the intellectual property rights at issue in this action.

6. Accenture provides, among other things, claims handling technology and services to the insurance industry. This technology is the result of more than a decade of development and many tens of millions of dollars of investment, and it is protected by the patent and copyright laws of the United States, as well as the trade secret laws of this and other States.

7. Guidewire, formerly known as Centrica Software Inc., is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business in San Mateo, California. Guidewire competes in the insurance claims handling business, including with its "Guidewire Insurance Suite" tools and services. Guidewire's sales and licenses in the United States represent a regular, continuous and substantial flow of interstate commerce.

## VENUE

8. Guidewire is incorporated in this judicial district and has sufficient contacts with this district to subject itself to the jurisdiction of this Court. Personal jurisdiction and venue are therefore proper in this district pursuant to 28 U.S.C. §§ 1391, 1400(b).

## **INSURANCE CLAIMS HANDLING**

9. Broadly speaking, insurance claims handling involves computer software and specialized consulting services to design processes through which an insurance company will optimize the handling of claims made under the insurer's policies.

10. Accenture's insurance industry client group helps property and casualty insurers, life insurers, reinsurers and insurance brokers improve business processes, modernize their technologies and improve the quality and consistency of risk selection decisions. Accenture's Insurance Claim Components Solution and associated services enable insurers to provide better customer service while optimizing claims costs, and bring products to market more quickly while reducing their costs.

11. Traditionally, claims handlers within an insurance company built up experience and individual practices over many years, with the result that each handler's practices were different, and junior claims handlers lacked the requisite expertise to ensure that each claim was properly, efficiently and—most importantly—consistently handled. These inefficiencies led to excess costs and poor customer service for insurers. A central goal of claims management software is to help an insurer have all handlers, whether experienced or very junior, follow that insurer's best practices for managing claims.

12. The Accenture Claim Components Solution tools and services are the result of significant investment by Accenture beginning in the 1990s, aimed at developing technology that could aid insurance companies by applying specially-designed computer software to these traditional problems of managing claims and claims handlers.

13. Accenture filed the application for what became U.S. Patent No. 7,617,240 (the "'240 patent") on May 4, 1999. A copy of the '240 patent is attached as Exhibit A.

14. Seeing the cost and consistency advantages of the Claim Components Solution, the market flocked to Accenture. Over the next several years, Accenture sold the Claim Components Solution product to numerous household name insurance companies.

15. When the '240 patent's notice of allowance issued in September of 2009, Accenture compared the allowed claims to the infringing Guidewire products, and concluded that Guidewire infringed the patent. Accenture then filed this related action upon the issuance of the '240 patent.

## CLAIMS FOR RELIEF

## CLAIM 1 – INFRINGEMENT OF ACCENTURE'S '240 PATENT

16. Accenture repeats and realleges each and every allegation above with the same force and effect as if here set forth in full.

17. On information and belief, Guidewire has infringed and continues to infringe; has induced and continues to induce others to infringe; and/or has committed and continues to commit acts of contributory infringement of, one or more of the claims of the '240 patent. Guidewire's infringing activities in the United States and this District include the development, manufacture, use, importation, sale, and/or offer for sale of products, including but not limited to Guidewire Insurance Suite and Guidewire ClaimCenter, and contributing to and inducing others to do the same. Such products have no substantial non-infringing use. Guidewire's infringing activities violate 35 U.S.C. § 271.

18. On information and belief, Guidewire's infringement has been, and continues to be, willful and deliberate, and has caused substantial damage to Accenture.

19. On information and belief, Guidewire's infringement in violation of the federal patent laws will continue to injure Accenture unless otherwise enjoined by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray as follows:

(a) that the Court render judgment declaring that Guidewire has infringed, induced the infringement of, and contributorily infringed the '240 patent in violation of 35 U.S.C. § 271;

(b) that the Court render judgment declaring Guidewire's infringement of the '240 patent willful and deliberate;

(c) that Accenture be awarded damages adequate to compensate Accenture for Guidewire's infringement of the '240 patent;

(d) that Accenture be awarded prejudgment interest on all damages awarded;

(e) that the Court temporarily, preliminarily and permanently enjoin Guidewire, its successors, assigns, subsidiaries and transferees, and its officers, directors, agents, employees, as follows:

1. from selling or offering to sell any product falling within the scope of the claims of the '240 patent, including but not limited to Guidewire Insurance Suite and Guidewire ClaimCenter;

2. from importing any product into the United States which falls within the scope of the claims of the '240 patent;

3. from manufacturing any product falling within the scope of the claims of the '240 patent;

4. from using any product or method falling within the scope of any of the claims of the '240 patent;

5. from actively inducing others to infringe any of the claims of the '240 patent;

      6. from engaging in acts constituting contributory infringement of any of the claims of the '240 patent;

      7. from all other acts of infringement of any of the claims of the '240 patent;

(f)    that the Court render judgment declaring this to be an exceptional case;

(g)    that the Court award treble damages to Accenture for the unlawful practices described in this Complaint;

(h)    that Accenture be awarded its costs of suit, including reasonable attorneys' fees;

(i)    that Accenture be awarded such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand trial by jury of all issues so triable under the law as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

POTTER ANDERSON & CORROON LLP

By: _____
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19899
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

OF COUNSEL:

James Pooley
L. Scott Oliver
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA  94304
Tel:  (650) 813-5700

Dated:  November 10, 2009
937305/32523

*Attorneys for Plaintiffs
Accenture Global Services GmbH
and Accenture LLP*

6